IN THE

# COUNTY OF PISCATAQUIS,

ARGUED AT JUNE TERM, 1842.

## STEPHEN FREEMAN *versus* JAMES RANKINS.

Where one is the owner of goods, and has a right to take immediate possession, he may maintain an action of trespass for taking them.

And if the plaintiff in such action, and also the person in whose actual custody the property was, should represent generally, that the plaintiff did own another article of the same description of property, when he did not own it, he would not thereby deprive himself of the right to recover damages for the taking of the article which was in fact his property.

If some part of the instruction of a District Judge to the jury should be found to be incorrect; yet if on the whole instruction, the erroneous part became immaterial, and the party excepting was not injured by it, a new trial will not be granted.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Trespass to recover the value of a cow, taken by the defendant, a deputy sheriff, who claimed to justify the taking by virtue of a writ against the plaintiff, Stephen Freeman, as his property.

The exceptions state, that the plaintiff called Forest Turner, who testified, that in 1836, he and the plaintiff made a bargain, that the plaintiff and his family were to live with him; that as a remuneration for their support he was to have the

plaintiff's labor and the use and whole benefit of the cow and her increase, while they lived together; that this is the same cow for the taking of which this suit is brought; that the plaintiff had no other cow; that the cow had three or four calves, which had been disposed of by the witness; that the plaintiff had a right to leave when dissatisfied; but that he had lived with him to the present time; that the plaintiff had a right to control this cow; that there was a heifer two and an half years old on the place, which came of this cow; that if the plaintiff went away, this cow was his; and that there was another cow besides this on the place. Roland Freeman testified, that he was present when the bargain was made; that Turner was to support the plaintiff, who was witness' father, and family, and have his labor and the use of this cow; that Turner was to have the benefit of this cow and her increase; that there was a heifer two and an half years old which came of this cow; and that the plaintiff had a right to dispose of or sell this cow at any time he saw fit.

The defendent then called Daniel Dennett, who testified, that in a conversation with Forest Turner, he wished to purchase this heifer of Turner, who said he could not dispose of her, for she was not his, but belonged to Freeman; and that he then called on the plaintiff, who said the heifer was his, but declined selling. He also called William Owen, who testified, that in the summer of 1840, in conversation with the plaintiff, he said the heifer was his, and that he wished to sell the cow.

This was all the evidence in the case. And thereupon the counsel for the defendant contended, that the evidence did not authorize the plaintiff to maintain this action; that there was a difference between the testimony of Turner and Freeman, and Turner had stated the contract truely; and requested the Judge to instruct the jury, that if the evidence of Turner was believed, the plaintiff had no right to maintin this suit; but that the suit, if maintainable, should have been brought by Turner; that if the heifer was the property of Turner, that if both he and Freeman held out to the world, that the heifer

belonged to the plaintiff; that the defendant was justified in making the attachment.

The presiding Judge declined to give such instructions; and instructed the jury, that if the owner of goods has parted with the possession upon a contract of lease, he cannot, while the contract remains in force, maintain an action of trespass against one who shall take them from the lessee; but that from the evidence in the case, it appeared, that the plaintiff had not parted with the possession of the cow, he living with Turner on his place; and that if he had parted with the possession, he had such a right to resume it, that he could maintain this suit. The verdict was for the plaintiff. The defendant filed exceptions to the refusal of the Judge to give the instructions' requested, and to the instructions given.

*J. Appleton* and *C. A. Everett* argued for the plaintiff; and cited, *Nichols* v. *Patten,* 18 Maine R. 232; *Drinkwater* v. *Drinkwater,* 4 Mass. R. 357; *Neal* v. *Williams,* 18 Maine R. 391; Story on Agency, 419; 1 Story's Eq. 385; 6 Ad. & Ell. 419; 9 B. & Cr. 586; *Lunt* v. *Brown,* 13 Maine R. 238; *Wyman* v. *Dorr,* 3 Greenl. 183; *Vincent* v. *Cornell,* 13 Pick. 294; *Putnam* v. *Wyley,* 8 Johns. R. 432; 15 East, 609.

*A. Sanborn* argued for the plaintiff, and cited, 1 Chitty on Pl. 154; 2 Saund. 47, (b.); 3 Stark. Ev. 1439.

The opinion of the Court was drawn up by

SHEPLEY J. — The testimony presented in this bill of exceptions might have authorized a jury to find, that the plaintiff at the time of the attachment was the owner of two cows; and that one of them was taken by the officer to apply the proceeds to the payment of his debts. The question presented for consideration however is not, whether a verdict for the plaintiff was properly authorized by the testimony; but whether the instructions to the jury were correct, and those requested properly withheld. The first request for instruction was, " that if the evidence of Turner was believed, the plaintiff had no

right to maintain this suit." According to the testimony of Turner the contract between him and the plaintiff existed only during pleasure, and the plaintiff had a right to take possession of the cow and determine the contract, whenever he pleased ; and had also a present right to control her even without putting an end to the contract. When one is the owner of goods and has a right to take immediate possession, he may maintain an action of trespass for taking them. *Walcot* v. *Pomeroy*, 2 Pick. 121 ; *Lunt* v. *Brown*, 1 Shepl. 236. The second branch of the requested instructions was, that if the plaintiff and Turner "both held out to the world, that it was the heifer of the plaintiff, that the defendant was justified in making the attachment."

It was not to the cow attached and now the subject of controversy, that this requested instruction related. And a compliance with the request would have been in effect to declare erroneously the law to be, that if the plaintiff and Turner represented generally, that the plaintiff did own a piece of property, when he did not own it, he would thereby forfeit his right to another piece of property, which he did own.

It is also insisted, that the testimony did not authorize the instruction, "that the plaintiff had not parted with the possession of the cow, he living with Turner on the place." It is not necessary to inquire, whether this was strictly correct, for *the jury were* also instructed, " that if he had parted with the possession, he had such a right to resume it, that he could maintain this suit." The latter clause of these instructions being correct the former became immaterial, and the defendant was not injured by it.

*Exceptions overruled.*